UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VELOCITY PATENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 13-cv-8413 |
| | ) | |
| MERCEDES-BENZ USA, LLC; | ) | Judge John W. Darrah |
| MERCEDES-BENZ U.S. | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| VELOCITY PATENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-8419 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| FCA US LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Velocity Patent LLC filed Complaints against Defendants Mercedes-Benz USA, LLC, Mercedes-Benz U.S. International, Inc., and FCA US LLC[1] ("FCA") (collectively, the "Defendants"), each alleging one count of infringement of U.S. Patent No. 5,954,781 ("the '781 Patent"). Defendants filed joint Motions for Summary Judgment of Indefiniteness or Noninfringement [13-cv-8413, Dkt. 104; 13-cv-8419, Dkt. 80]. Plaintiff filed cross-Motions for Summary Judgment of Infringement [13-cv-8413, Dkt. 111; 13-cv-8419, Dkt. 87]. For the reasons set forth below, Defendants' Motions [13-cv-8413, Dkt. 104;

---

[1] FCA US LLC is the successor in interest to Chrysler Group, LLC, against whom the original Complaint was filed. An Amended Complaint was filed against FCA US LLC on October 27, 2015.

13-cv-8419, Dkt. 80] and Plaintiff's cross-Motions [13-cv-8413, Dkt. 111; 13-cv-8419, Dkt. 87] are denied.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule 56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985); *see also Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005).

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Velocity is an Illinois limited-liability corporation with its principal business address in Atherton, California. (Dkt. 113, ¶ 1.) Mercedes-Benz USA, LLC is a Delaware limited-liability corporation with its principal place of business in Dunwoody, Georgia. (*Id.* ¶ 5.) Mercedes-Benz U.S. International, Inc. is an Alabama corporation with its principal place of business in Vance, Alabama. (*Id.*) FCA is a Delaware corporation with its principal place of business in Auburn Hills, Michigan. (*Id.* ¶ 6.)

The '781 Patent is titled "METHOD AND APPARATUS FOR OPTIMIZING VEHICLE OPERATION" and was issued on September 21, 1999. (*Id.* ¶ 9.) Velocity asserts Claims 1, 7, 13, 17, 18-20, 33-34, 40, 42, 46, 53, 56, 58, 60, 64, 66, 69, 75, and 76 of the '781 Patent against Defendants Mercedes. (*Id.* ¶ 16.) Velocity asserts Claims 1, 7, 13, 17-20, 28, 33-34, 40, 41, 42, 46, 53, 56, 58, 60, 64, 66, 69, 75-76, and 88 of the '781 Patent against Defendant FCA. (*Id.* ¶ 46.) Claims 1, 7, 13, 17, 28, 60, 69, and 76 are independent claims that include a "fuel overinjection notification circuit" limitation. (*Id.*, ¶¶ 16, 47). That limitation requires a "fuel overinjection notification circuit . . . said fuel overinjection notification circuit issuing a notification that excessive fuel is being supplied to said engine of said vehicle." (*Id.* ¶ 48.)

## LEGAL STANDARD

Summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts are required to view all facts and make reasonable inferences "in the light most favorable to" the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A

genuine dispute of material facts exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To overcome a motion for summary judgment, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The nonmovant must show "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

## ANALYSIS

### *Indefiniteness*

Defendants claim that the '781 Patent is invalid because it is indefinite, referencing the arguments in their claim construction response brief. Specifically, Defendants argue that the term "fuel overinjection notification circuit" is indefinite. A patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as [the] invention." 35 U.S.C. § 112, ¶ 2. A lack of definiteness renders the patent or any claim in suit invalid. 35 U.S.C. § 282, ¶ 2(3).1. "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). "[T]he burden of proving indefiniteness remains on the party challenging [the patent's] validity and . . . they must establish it by clear and convincing evidence." *Dow Chem. Co. v.*

*Nova Chemicals Corp. (Canada)*, 809 F.3d 1223, 1227 (Fed. Cir. 2015). As discussed in the claim construction Memorandum Opinion and Order, the term "fuel overinjection notification circuit" is not indefinite.

*Infringement*

"To prove literal infringement, a plaintiff must show that the accused device contains each and every limitation of the asserted claims." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1358 (Fed. Cir. 2012) (citing *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011)). In infringement cases, the court interprets the claims to determine their scope and meaning; then the fact-finder compares the properly construed claims to the allegedly infringing device. *Id.* (citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998)). If any claim is missing from the accused device, there is no literal infringement as a matter of law. *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000).

The term "fuel overinjection notification circuit" was construed as: "A circuit that notifies a driver that more fuel is being supplied to the engine than is necessary." The term "a notification" was construed as: "An act or instance of notifying, making known or giving notice to the operator of the vehicle." The term "processor subsystem" was construed to be governed by 35 U.S.C. § 112(f). The claim language states that the processor subsystem "determines" whether to activate a notification circuit. Because the claim does not provide sufficient structure for performing the functions recited in the claims, *i.e.*, determining whether to activate the notification circuit, § 112(f) applies and an algorithm is required.

ECO Display

Plaintiff contends that Defendants Mercedes' ECO display and Defendant FCA's ECO and Fuel Saver Mode displays infringe the '781 Patent. Plaintiff alleges that Defendants Mercedes' ECO display meets the term "fuel overinjection notification circuit." (Dkt. 113, ¶ 20.) Plaintiff alleges that Defendant FCA's ECO display and Fuel Saver Mode display meet the term "fuel overinjection notification circuit." (*Id.*, ¶¶ 50-53).

Defendants Mercedes' ECO display features curved or straight bars relating information about acceleration, coasting, and constant speed. In one version of the display, an icon corresponding to the bar is illuminated green under certain conditions. In another version of the display, the bars start at 50 percent and go up or down depending on certain factors.



(Dkt. 112, p. 12.) Defendant FCA's ECO Index Gauge shows a number between 0 and 5, which represents the "efficiency of the driving style." Defendant FCA's ECO display illuminates the word ECO when a person is driving in a fuel efficient manner. Defendant FCA's Fuel Saver Mode display shows the words Fuel Save Mode when the engine is operating on four cylinders.



Plaintiff argues that all of these features notify the driver when they are, or are not, operating the vehicle in a fuel efficient manner. Defendants argue that the displays provide information about driving style and do not notify the driver of changes to fuel economy. Defendants also argue that the same display could indicate increased fuel efficiency - for example going from 49 percent to 50 percent - or decreased efficiency - for example going from 51 percent to 50 percent. The parties dispute what information the ECO displays and Fuel Saver Mode display conveys and whether those displays notify the driver of a change in fuel efficiency. Whether the ECO displays and Fuel Saver Mode display issue notifications that inform the driver more fuel is being provided to the engine than necessary is a question of material fact.

MPG and Range Displays

Plaintiff alleges that Defendants Mercedes' MPG and Range display meets the term "fuel overinjection notification circuit." (Dkt. 113, ¶ 31.) Plaintiff alleges that Defendant FCA's Average Fuel Economy display and MPG display meet the term "fuel overinjection notification circuit." (*Id.*, ¶¶ 63-65.) Defendants Mercedes' MPG and Range display shows the level of fuel consumption in miles per gallon in a bar and shows the range of the vehicle.




Defendant FCA's Average Fuel Economy display and MPG display show the average fuel consumption in miles per gallon and the current fuel consumption in miles per gallon in real time.




    Plaintiff argues that, when the current MPG falls below the average MPG, these displays show that there is reduced fuel economy. Plaintiff also argues that the range combined with the current fuel consumption conveys information to the driver regarding fuel economy. Defendants argue that these displays are merely providing information and do not notify the driver that more fuel than necessary is being consumed. Defendants also argue that some of this information is not displayed at the same time and, therefore, cannot notify the driver that more fuel than necessary is being consumed. Whether the MPG and Range displays issue notifications that

inform the driver more fuel is being provided to the engine than necessary is a question of material fact.

## Check Engine or Engine Malfunction Light

Plaintiff alleged that the Check Engine or Engine Malfunction Lights infringed under Defendants' proposed construction of the term "fuel overinjection notification circuit." However, Plaintiff only alleged that the Check Engine or Engine Malfunction Lights infringed under Defendants' proposed construction. Since Defendants' proposed construction was not adopted, this issue is moot.

## Doctrine of Equivalents

Plaintiff argues that if the Court decides that § 112(f) applies, the accused features may still infringe under the doctrine of equivalents. "Literal infringement of a § 112[(f)] claim requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification." *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1320 (Fed. Cir. 2003). Specifically, "an accused device may infringe under the doctrine of equivalents if each element performs substantially the same function, in substantially the same way, to achieve substantially the same result." *Id.* (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997)). The purpose of the doctrine of equivalents is to allow the patentee "to claim those insubstantial alterations that were not captured in drafting the original patent claim but which could be created through trivial changes." *AquaTex Indus., Inc. v. Techniche Solutions*, 419 F.3d 1374, 1381 (Fed. Cir. 2005) (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733 (2002)).

Defendants argue that it is too late for Plaintiff to amend their infringement contentions to include the doctrine of equivalents. It should be noted that Plaintiff has not submitted its Final Infringement Contentions yet; but, even if that were the case, the Local Patent Rules allow for amendment of final contentions "upon a showing of good cause and absence of unfair prejudice to opposing parties." LPR 3.4. An example of a circumstance supporting a finding of good cause is: "a claim construction by the Court different from that proposed by the party seeking amendment." *Id.* A motion to amend final contentions because of a claim construction ruling shall be filed, along with the proposed amendments, within fourteen days of the entry of a claim construction ruling. *Id.* The Local Patent Rules do not preclude Plaintiff from filing a motion to amend their contentions, unless there is undue prejudice, because Plaintiff's constructions were not adopted in several instances.

At this point, it is premature to determine whether the doctrine of equivalents is available to Plaintiff, as it has not moved to amend its infringement contentions.

## **CONCLUSION**

For the reasons set forth above, Defendants' joint Motions for Summary Judgment of Indefiniteness or Noninfringement [13-cv-8413, Dkt. 104; 13-cv-8419, Dkt. 80] are denied. Plaintiff's cross-Motions for Summary Judgment of Infringement [13-cv-8413, Dkt. 111; 13-cv-8419, Dkt. 87] are denied.

Date:     September 21, 2016                                                               
JOHN W. DARRAH
United States District Court Judge