# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH, LLC,

    Movant,

v.

    Case No.  2:17-mc-51112
    District Judge Robert H. Cleland
    Magistrate Judge Anthony P. Patti

VELOCITY PATENT LLC,

    Respondent.

_____/

### ORDER DENYING MOVANT ROBERT BOSCH, LLC'S MOTION FOR PROTECTIVE ORDER PROHIBITING DISCOVERY OF SOURCE CODE (DE 1)

In 2013, Velocity Patent LLC ("Velocity") filed suit against Fiat Chrysler Group ("FCA") in the Northern District of Illinois, in Case No. 1:13-cv-08419, alleging infringement of Velocity's only patent – U.S. Patent No. 5,954,781 ("the NDIL litigation").  Specifically, Velocity's suit accuses FCA's driver assistance systems, including its Park Assist systems, Adaptive Cruise Control systems, and Forward Collision Warning systems, of infringing on the claims of U.S. Patent No. 5,954,781.  Movant, Robert Bosch, LLC ("Bosch"), is FCA's supplier for certain aspects of the accused technology.

On April 21, 2017, and June 6, 2017, Velocity served two subpoenas (the "Subpoenas") on Bosch's registered agent in Michigan, seeking documents, including source code, regarding the accused features Bosch supplies to FCA. Both Subpoenas were issued from the Northern District of Illinois and command Bosch to produce the requested information at the office of Velocity's counsel: 180 N. LaSalle St., Suite 2215, Chicago, IL 60601. Bosch has produced some documents to Velocity in response to the Subpoenas, and states it has agreed to provide sworn declarations regarding the functionality of its software, and to offer those declarants for deposition. Bosch however opposes producing its source code for review. It asserts that such review is highly invasive and imposes an undue burden, and that Velocity has not demonstrated a necessity for Bosch's source code to justify the harm the source code review would cause.

Velocity contends that it is entitled to source code review and, on August 10, 2017, filed a motion in the Northern District of Illinois to compel non-party Bosch to produce documents and source code in response to the Subpoenas. (*See Velocity Patent LLC v. Chrysler Group, LLC*, Case No. 1:13-cv-08419 (N.D. Ill.), DEs 186, 187.)[1] The next day, on August 11, 2017, Bosch filed the instant motion in this Court for a protective order prohibiting discovery of the source code sought in the

---

[1] A review of the docket in the NDIL Litigation, Case No. 1:13-cv-08419, shows that Velocity's motion to compel has been fully briefed but not yet been decided or set for a hearing.

2

Subpoenas. (DE 1.) Velocity has filed a response in opposition (DE 3), and Bosch has replied. (DE 4.)

## I. JURISDICTIONAL CHALLENGE

As a threshold issue for consideration, Bosch and Velocity dispute the proper jurisdiction in which to bring a motion regarding enforcement of the Subpoenas. Velocity filed a motion to compel non-party Bosch to produce documents and source code in response to the Subpoenas in the Northern District of Illinois. One day later, Bosch filed the instant motion for protective order prohibiting discovery of source code in this Court. This Court must decide this threshold jurisdictional issue before addressing Bosch's argument that the Subpoenas, and in particular the request for source code, impose an undue burden.

In the instant motion, Bosch asserts that the Subpoenas "issued from a court [the Northern District of Illinois] that is not a court of compliance under Rule 45." (DE 1-1 at 5.) Bosch states that its North American Headquarters are located in Southeast Michigan, and that its North American Automotive division facility is located in Plymouth, Michigan. Bosch employs approximately 30 software engineers at its Plymouth, Michigan facility to develop and maintain the source code at issue, and there are no Bosch employees in the state of Illinois with knowledge of or access to the source code. Bosch further states that the Plymouth, Michigan facility is over 250 miles from Chicago and the Northern District of

3

Illinois. Bosch argues therefore that the Eastern District of Michigan is the "proper compliance court" under Fed. R. Civ. P. 45. (*Id.* at 7-8.)

Velocity counters that Bosch's motion should be dismissed because this Court has no jurisdiction over disputes regarding the Subpoenas at issue. Rather, according to Velocity, the Northern District of Illinois is the only jurisdiction that can hear motions related to disputes concerning the Subpoenas because the designated place of compliance for the Subpoenas – the Chicago office of Haynes and Boone, LLP – is: (1) encompassed by the Northern District of Illinois; and, (2) within 100 miles of four locations where Bosch regularly transacts business. Moreover, Velocity points out, its motion to compel, which addresses these same issues, is pending before the court in the Northern District of Illinois. (DE 3 at 11-13.)

In Bosch's reply, it concedes that Bosch has a facility in Illinois, but argues that it is located in Michigan with respect to its role as FCA's supplier, and that Plymouth, Michigan is the only location where Bosch stores and controls its source code for the accused features. Bosch further argues that it has no employees with access to the source code in Illinois, and that it does not "regularly transact[] business" in Illinois *with respect to Bosch's role as FCA's supplier*. Accordingly, Bosch concludes, this Court has sole jurisdiction over the instant motion because

4

compliance with the Subpoenas, if required, must take place in the Eastern District of Michigan. (DE 4 at 5-6.)

## II. STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas served on non-parties and provides that the subpoena must issue from the court where the action is pending and may be served at any place within the United States. Fed. R. Civ. P. 45(a)(2), (b)(2). Rule 45 further provides for quashing or modifying a subpoena under several circumstances. Fed. R. Civ. P. 45(d)(3). A nonparty seeking to quash or modify a subpoena bears the burden of demonstrating that the requirements of Rule 45(d)(3) are met. *See In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010). Whether to quash a subpoena is within the court's discretion. *Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003).

The court with jurisdiction to modify or quash a subpoena is the court for the district "where compliance is required." Fed. R. Civ. P. 45(d)(3)(A); *see also Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) (a court lacks jurisdiction to resolve a motion to quash if the court is not the court for the district "where compliance is required"). "The subpoena must state the place where compliance is required, which must be within 100 miles of where the subpoenaed party resides, is employed, or regularly transacts business in person." *Woods v. SouthernCare,*

5

*Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014); *see* Fed R. Civ P. 45(c)(2) (providing that the place of compliance for the production of documents must be "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person"). "[W]hen a motion to quash is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *Agincourt Gaming*, 2014 WL 4079555, at *3.

### III. DISCUSSION

As a threshold matter, the Court must decide whether this Court has jurisdiction to address a dispute regarding the Subpoenas at issue. Both Bosch and Velocity agree that "the only court with jurisdiction . . . is the court for the district where compliance is required." (DE 4 at 5, citing DE 3 at 9.) However, Bosch and Velocity disagree on the location of "the district where compliance is required."

#### A. Place of Compliance

Bosch argues that the place of compliance is the Eastern District of Michigan because Bosch is headquartered in Southeast Michigan, it is located in Michigan with respect to its role as FCA's supplier, and Plymouth, Michigan is the only location where Bosch stores, controls and can reasonably provide inspection of its source code for the accused features. In addition, Bosch employs approximately 30 engineers for developing and maintaining the source code in Plymouth, but has no employees with access to the source code in Illinois. Bosch

6

argues that it therefore does not "regularly transact[] business" in Illinois with respect to Bosch's role as FCA's supplier.

Velocity counters that the "place of compliance" is the location specified in the Subpoenas for the production of requested documents—the law office of Haynes and Boone, LLP in Chicago, Illinois. The Northern District of Illinois encompasses that Chicago location. Velocity further states that Bosch has four facilities within 100 miles of the Northern District of Illinois, and thus Bosch "regularly transacts business" in Illinois. Velocity concludes therefore that the Northern District of Illinois is the proper jurisdiction for a subpoena-related motion.

The Court agrees with Velocity that the "district where compliance is required" in this matter is the Northern District of Illinois, because the Subpoenas at issue specifically direct compliance at a location within that district. *See Green Pet Shop Enters., LLC v. Maze Innovations, Inc.*, No 1:15-cv-1138, 2016 WL 5936892, at *1 (W.D. Pa. Oct. 12, 2016) (a motion to quash a subpoena issued to a non-party located in Pennsylvania must be filed in the Northern District of Illinois—the district where the subpoena commanded compliance); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 11117083, at *2 (E.D. Tex. Mar. 27, 2015) ("The amended subpoena here at issue specifically directs that compliance is to take place at a location within the Southern District of

7

Florida. It is therefore that court, not this one, that is authorized to address [Non-party] Silmar's motion."); *Semex All. v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1 (S.D. Ohio Apr. 18, 2014) (because both subpoenas command compliance in Chicago, Illinois, the U.S. District Court of the Northern District of Illinois is the "court for the district where compliance is required.").

### B. Transaction of Business

The Court further observes that the Advisory Committee notes to Rule 45 provide that "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)." Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment, Subdivision (c). Thus, Chicago, Illinois is only the proper "place of compliance" in this matter if it meets with the requirements of Rule 45(c)(2)(A), i.e., "at a place within 100 miles of where [Bosch] resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A); *see Agincourt Gaming*, 2014 WL 4079555, at *3 ("For subpoenas seeking the production of documents, the place of compliance must be 'within 100 miles of where the person resides, is employed, or regularly transacts business in person.'"). Velocity has established, and Bosch does not dispute, that Bosch has facilities within 100 miles of the Northern District of Illinois (DE 3 at 12-13; DE 4 at 5), and thus the place of compliance—Chicago, Illinois—is a location within 100 miles of where Bosch regularly transacts business.

While Bosch argues that it is located and regularly transacts business *with respect to Bosch's role as FCA's supplier* only in the Eastern District of Michigan, the Court may consider all locations of Bosch in its jurisdictional assessment. *See Westmore Equities, LLC v. Vill. of Coulterville*, No. 3:15-cv-241-MJR-DGW, 2016 WL 695896, at *2 (S.D. Ill. Feb. 22, 2016) (considering all the bank's branches and determining that the bank regularly transacted business within 100 miles of Springfield, Illinois, and therefore, the subpoenas served in Kansas City, Missouri and demanding production in Springfield were valid); *see also Kacmarik v. Mitchell*, No. 1:15CV2062, 2017 WL 131582, at *5 (N.D. Ohio Jan. 13, 2017) (rejecting the argument that the subpoena "requires ODRC to comply beyond the geographic limits specified in Rule 45(c)(2)" because "counsel for ODRC did not challenge Kacmarik's argument that the subpoena complies with Rule 45(c)(2) because ODRC regularly conducts business at multiple locations within 100 miles of Plaintiff's counsel's office"). This argument is accordingly rejected.

### C. Location of the Documents

Bosch also argues that the Eastern District of Michigan is the proper compliance district because the Plymouth, Michigan location is the only location where the particular documents at issue in the Subpoenas are located or stored; however, the location of the requested documents or employees with relevant knowledge is not relevant to the Court's jurisdictional analysis. *See Agincourt*

9

*Gaming*, 2014 WL 4079555, at *4 ("The text of [Rule 45] does not provide for an alternative basis for the Court to find that the place of compliance is not tethered to the subpoenaed person's location, but rather could be found to be some other district where the subpoenaed person contends the responsive documents are located or where the subpoenaed party with possession of the documents is located."); *Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 240 (D.D.C. 2013) (recognizing that "courts routinely enforce subpoenas for the production of documents, even where the requested documents are located over 100 miles from the district"). The Advisory Committee notes further state that "[u]nlike the prior rule, the place of service is not critical to the place of compliance." Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment, Subdivision (c).

The Court is aware, as Bosch points out, that the Advisory Committee notes suggest that part of the reason for the 2013 Amendments to Rule 45 was to protect local non-parties. However, as the Advisory Committee Notes explain, "local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements of Rule 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c)." *See* Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment, Subsection (c). It has been established that Bosch has facilities and thus "regularly transacts business" within 100 miles of the designated place of compliance. Further, Rule 45(d)(1) mandates that "[a] party or

10

attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Thus, it is expected that lawyers will continue to cooperate and use common sense to facilitate the sensible production of documents and ESI and avoid putting nonparties to any unnecessary expense.

Rule 45 explicitly provides that motions to quash or modify subpoenas must be brought "in the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). For the reasons stated above, the Court finds that the Eastern District of Michigan is not "the district where compliance is required" in this matter. Accordingly, Movant's motion is hereby **DENIED** without prejudice to refiling it in the Northern District of Illinois. No costs are awarded, neither party having completely prevailed on the merits.

**IT IS SO ORDERED.**

Dated: October 6, 2017          s/Anthony P. Patti
                                               Anthony P. Patti
                                               UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2017.

                                               s/Marlena Williams
                                               MARLENA WILLIAMS
                                               Case Manager