**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| VELOCITY PATENT LLC, | ) | |
| *Plaintiff,* | ) | Civil Action No.: 1:13-cv-08419 |
| v. | ) | Hon. Thomas M. Durkin<br>Hon. Michael T. Mason |
| FCA US LLC, | ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) | |

**PLAINTIFF VELOCITY PATENT LLC'S MOTION TO STRIKE AND PRECLUDE DEFENDANT'S RELIANCE ON NONINFRINGING ALTERNATIVES**

Plaintiff Velocity Patent LLC ("Velocity") requests the Court exercise its discretion under FRCP 37 to strike portions of FCA's response to Interrog. No. 19 and preclude FCA from asserting noninfringing alternatives. The availability of noninfringing alternatives to infringing products is a factor in determining a reasonable royalty rate for patent damages. A defendant may argue that damages should be lower if it can substantiate that viable noninfringing alternatives exist. Accordingly, Velocity served discovery requesting that FCA identify any noninfringing alternatives and their underlying facts, including: (1) RFP No. 24, served on February 10, 2014; (2) Interrogatories Nos. 16 and No. 19, served on August 14, 2017 and October 30, 2017, respectively; and (3) 30(b)(6) Topic No. 57, served on November 28, 2017.

FCA never produced any documents describing noninfringing alternatives or the underlying facts that prove or disprove the feasibility of using any alternatives in FCA's products. Such facts include costs of redesign and implementation, interoperability, reliability, customer acceptance and preferences, etc. FCA refused to designate a fact witness to testify regarding

noninfringing alternatives. Similarly, as described in detail below, FCA never provided adequate notice of any actual noninfringing alternatives, or any underlying facts relating thereto, in its responses to Interrogatories Nos. 16 and 19. Instead, FCA provided conclusory responses with placeholders for a number of categories of alleged noninfringing alternatives that it ***might*** rely on in the future. Moreover, on the night of the last day of fact discovery, FCA supplemented its responses with additional placeholders for unidentified noninfringing alternatives without any factual basis. FCA's response also states it "will provide the opinion of an expert in accordance with the Court's scheduling." Thus, FCA essentially admits that it refuses to provide notice of its actual noninfringing alternatives and corresponding factual bases.

The deadline for fact discovery has passed. Because FCA refused to (1) timely identify any actual noninfringing alternatives, (2) provide factual bases for any alternatives, (3) provide the requested fact witness, and (4) produce supporting documents, Velocity respectfully requests that FCA be precluded from relying on noninfringing alternatives in this case. To the extent that the Court does not preclude noninfringing alternatives, Velocity requests the Court compel FCA to immediately identify the alternatives it plans to rely on with specificity, the underlying factual basis, and provide a 30(b)(6) fact witness on the topic.

## I. BACKGROUND

Velocity timely served discovery seeking FCA's theories on noninfringing alternatives and facts supporting such theories, including Interrogatory No. 19, served on October 30, 2017:

> Identify any and all alleged Noninfringing Alternatives, including without limitation those that You intend to rely on as evidence of a reasonable royalty, and for each Noninfringing Alternative: (a) identify when You first became aware of the Noninfringing Alternative; (b) identify whether You have implemented any such Noninfringing Alternatives in the Accused FCA Features, and if You have, when such Noninfringing Alternatives were implemented; and (c) to the extent

> You have not implemented any Noninfringing Alternatives in the Accused FCA Features, explain why not.

(Ex. A, at 8.) Interrogatory No. 16, served on August 14, 2017, similarly requests that FCA: "Describe in detail all proposed noninfringing alternatives[.]" FCA's response to Interrogatory 16 was to incorporate its response to Interrogatory 19. (Ex. K, at 8.) FCA provided two responses to Interrogatory 19, neither of which identify any specific noninfringing alternative. Velocity also served a 30(b)(6) Deposition Notice on November 28, 2017, including Topic 57, which seeks "FCA's efforts to design-around the Patent-In-Suit, including the timing of any such efforts." (Ex. B, at 8.) FCA refused to provide a witness regarding Topic 57. Velocity also served Request for Production 24 over three years ago, requesting: "All documents and things relating to any technology You believe is an acceptable noninfringing substitute or alternative to the technologies claimed in the Patent-in-Suit." (Ex. C, at 15 (Feb. 10, 2014).) FCA did not produce any responsive documents. (Ex. D, at 3.)

As described in Velocity's Motion For Leave to file the instant Motion, the parties met and conferred regarding FCA's discovery responses on December 4. FCA then provided a supplemental response to Interrogatory 19 on the evening of the last day of fact discovery. *See* Dkt 257 at 3. Because FCA's December 28, 2017 supplement did not address deficiencies in the original response, Velocity again met and conferred with FCA and noted that FCA's supplement still failed to actually identify, describe, or provide citation to any alternative. (Ex. F, at 1; Ex. H, at 2.) Velocity has since twice requested discovery of noninfringing alternatives, but FCA has refused. (Dkt 257 at 3; Ex. D at 2-3; Ex. I at 2.) The parties are at an impasse, and Velocity seeks relief.

## II. LEGAL STANDARD

Information regarding noninfringing alternatives to the patented invention available to an accused infringer is discoverable under FRCP 26(b)(1) as it may implicate the value of damages in the case. *MobileMedia Ideas, LLC v. Apple Inc.*, 209 F. Supp. 3d 756, 766 (D. Del. 2016) (citing *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571 (Fed. Cir. 1996)). An accused infringer can use a noninfringing alternative to argue for a lower damages amount only if the proposed alternative is feasible to implement and was available at the time of infringement. *See Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1372–73 (Fed. Cir. 2008). Products alleged to infringe cannot themselves serve as a noninfringing alternative. *Panduit Corp. v. Stahlin Bros Fibre Works*, 575 F.2d 1152, 1162 (6th Cir. 1978).

"The Federal Rules of Civil Procedure require that parties have access to all relevant information in advance of trial so that they and the trier of fact can arrive at soundly based judgments. Trial by ambush, so common before the advent of the discovery rules, was intended to be a thing of the past." *Bankdirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2017 WL 5890923, at * 2 (N.D. Ill. Nov. 29, 2017). A party unable "to learn the specific subject matter of a proposed expert witness's testimony . . . [is] unable to efficiently prepare for and conduct expert witness depositions and" is "vulnerable to 'trial by ambush,' which the rules governing discovery seek to prevent." *Family Christian World, Inc. v. Philadelphia Indemnity Insurance Co.*, 2016 U.S. Dist. LEXIS 87201, at *6 (N.D. Ind. Jul. 6, 2016).

The Court may order sanctions if a party fails to serve written answers to interrogatories. Rule 37(d)(1)(A). Incomplete or evasive answers are treated as a failure to answer. Rule 37(a)(4). "The rationale behind Rule 37 is to avoid an unfair ambush in which a party advances

new theories or evidence to which its opponent has insufficient time to formulate a response." *Only the First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 778 (N.D. Ill. 2011).

## III. ARGUMENT

The Court should strike FCA's evasive interrogatory responses and preclude FCA from relying on any noninfringing alternatives in this case. FCA's vague and unspecific responses have not given Velocity notice of any particular noninfringing alternative FCA will rely upon in its defense to any damages assessment. Moreover, Velocity has been prejudiced in that now – after fact discovery has closed – it is unable to pursue the fact discovery necessary to address FCA's arguments. While preclusion is the most appropriate remedy here, at a minimum, the Court should require FCA to provide the requested fact discovery and allow Velocity sufficient time to address the subsequent discovery obtained in a supplemental response.

### A. FCA's Responses to Velocity's Relevant Discovery are Evasive and Non-responsive.

Velocity's requested discovery is relevant because it seeks the identification and factual underpinnings of FCA's proposed noninfringing alternatives – arguments FCA apparently intends to assert as part of its damages contentions in this case. *See Zygo Corp. v. Wyko Corp.*, 79 F.3d at 1571-72 (Fed. Cir. 1996) (showing how the existence of a noninfringing alternative would affect a patent damages analysis). In addition to identifying the particular noninfringing alternatives, Velocity's discovery requests seek factual information with which Velocity can evaluate and dispute the viability of FCA's proposed alternative implementations of the accused features. For example, an alternative design is not a legally-acceptable noninfringing substitute for damages assessment if the high cost to implement the alternative conceivably renders the substitute "unavailable." *Grain Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1354 (Fed. Cir. 1999); *see also Micro Chem. v. Lextron*, 318 F.3d 1119, 1123 (Fed.Cir. 2003) (explaining that a noninfringing alternative was not feasible where the alternative required

hundreds of hours to test and design). Velocity's discovery seeks facts regarding these alternatives so that it can properly defend against FCA's assertion that damages should be reduced or minimal due to the availability of noninfringing alternatives.

FCA provided a single specific objection to Topic 57, asserting that providing a witness would be "duplicative" of FCA's "fulsome" written discovery and therefore "overly burdensome." (Ex. J, at 39.) As noted above, FCA has not produced any documentary evidence regarding noninfringing alternatives, so it is unclear what other "discovery" FCA refers to. Additionally, FCA's responses to Interrogatories 16 and 19 do not identify any specific noninfringing alternative, much less address underlying factual questions that Velocity would ask a 30(b)(6) witness. FCA's assertion that it "does not possess any further information relating to this Deposition Topic" is simply incorrect.[1] Indeed, it is in sole possession of the majority of factual information relating to noninfringing alternatives because only FCA's engineers, who are familiar with the accused products, know the feasibility and cost of changing those products, how changes to the accused features would affect their functionality, and other relevant factual information. *See Micro Chem.*, 318 F.3d at 1123; *Grain Processing Corp.*, 185 F.3d at 1354.

FCA's initial response to Interrogatory No. 19 does not identify any specific noninfringing alternatives. First, FCA responds that "non-infringing alternatives are described in the prior art," (Ex. E, at 5), but provides no specific citation to any particular prior art it alleges discloses an alternative. *See Ropak Corp. v. Plastican, Inc.*, 2006 U.S. Dist. LEXIS 19912, at *13 (N.D. Ill. Apr. 17, 2006) (requiring an "[an] interrogatory answer to stand on its own").

[1] Despite FCA's claims to the contrary, Velocity had no opportunity to question 30(b)(6) witnesses on noninfringing alternatives because it had no notice of any specific alternative FCA intends to rely on, and FCA never designated any witness to address that topic. (Ex. I at 1.)

Second, FCA's initial response confusingly states that "non-infringing alternatives include deactivating the Accused FCA feature," "disabling" the accused features, or "modifying the displays associated with the Accused FCA feature" to remove the infringing notification. (Ex. E, at 5.) Simply removing the accused feature is not an acceptable noninfringing substitute because it is not a substitute at all. *See, e.g., Panduit Corp.*, 575 F.2d at 1162 ("A product lacking the advantages of that patented can hardly be termed a substitute 'acceptable' to the customer who wants those advantages."). Third, FCA's initial response suggests modifying the accused features to "us[e] variables other than those claimed in the Patent-in-Suit, or in different ways than claimed in the Patent-in-Suit," but does not point to any specific variable to modify, and accordingly does not explain how any such alternative is noninfringing, is an acceptable substitute, and was available at the time of infringement.[2] (Ex. E, at 4-5.) FCA's generalized reference to "prior art" and hypothetical modifications is an evasive and incomplete response. The rest of FCA's response consists of boilerplate objections and arguments about the sufficiency of Velocity's infringement contentions. (Ex. E, at 5.)

FCA's supplemental response to Interrogatory 19 is similarly deficient due to its lack of specificity, but appears to raise entirely ***new***, yet equally vague noninfringing alternative theories. FCA begins by stating: "In addition to the non-infringing alternatives described in FCA US's response above …," thus clearly attempting to inject new theories not previously disclosed. (Ex. G, at 6); *see also id.* (describing "another noninfringing alternative" on three separate occasions). The remainder of the supplement is a laundry list of vague and undefined alternatives, devoid of any specific explanation of how the listed alternative is an acceptable noninfinging alternative.

[2] As background, FCA's use of "variables" likely refers to the sensor input(s) required by the asserted claims. *See, e.g.*, '781 Patent, cl. 28 ("a plurality of sensors…).

The following excerpt of FCA's response is exemplary: "Considering whether a variable is above or below a threshold, considering the absolute value of a rate of change of the variable, or utilizing the variable as an input to a calculation of a value are additional non-infringing alternatives." *Id.* No further information is provided as to how, for example, "considering whether a variable is above or below a threshold" differs from the products alleged to infringe in this case, does not infringe the asserted patent, would be a feasible and acceptable substitute for the allegedly infringing products in this case, or was available at the time of infringement.

FCA's reliance on the testimony of Velocity's expert Michael Nranian is misplaced and does not specifically identify any noninfringing alternative. (Ex. G, at 6.) Mr. Nranian never testified concerning noninfringing alternatives. His only role in this action was as an expert on claim construction and as a rebuttal expert for a discrete issue related to summary judgment. *See, e.g.*, Nranian Decl., Dkt 109-1. Mr. Nranian was not disclosed under the Protective Order and has not examined the details of operation of the accused products. Accordingly, it is hard to understand how Mr. Nranian's testimony can be understood to be at all relevant to noninfringing alternatives. Furthermore, it is unclear from FCA's citations to Mr. Nranian's testimony what alternative FCA is proposing. FCA's vague language appears to suggest that certain sensors ("variables") need not be used to implement the accused notifications, but the claims do not require that every sensor recited be used. *See, e.g.*, '781 Patent, cl. 17 ("at least one sensor …").

**B. FCA's Evasive Conduct Prejudices Velocity and FCA Should Be Precluded From Asserting Noninfringing Alternatives As a Result.**

FCA failed to supplement or correct its evasive non-response to Interrogatory 19 by the close of fact discovery. As a result, it failed to adhere to its discovery obligations under Federal Rule 26(e)(1)(A), unduly prejudiced Velocity, and it should be precluded from asserting noninfringing alternatives as a sanction under Federal Rule 37.

The evasiveness and timing of FCA's responses to Interrogatory No. 19 prejudices Velocity because it is now unable to obtain the discovery it needs to counter FCA's forthcoming arguments regarding noninfringing alternatives. *Prism Techs., LLC v. T-Mobile USA, Inc.*, 2015 U.S. Dist. LEXIS 137677, at *8 (D. Neb. Oct. 8, 2015) (finding Prism was prejudiced when defendant T-Mobile failed to provide fact discovery on noninfringing alternatives and proffered expert testimony on the same). Having no notice of any particular noninfringing alternative, Velocity has had no opportunity to question an FCA witness about the feasibility of any such alternative, serve additional, targeted document requests or deposition topics, or otherwise obtain ***any*** factual discovery regarding FCA's theories. Worse yet, FCA's supplemental response belies its alleged completeness and suggests that "FCA US will provide the opinion of an expert in accordance with the Court's scheduling order." (Ex. G at 7.) FCA's conduct is exactly the kind of "trial by ambush" that the Federal Rules proscribe. *Family Christian World, Inc. v. Philadelphia Indemnity Insurance Co.*, 2016 U.S. Dist. LEXIS 87201, at *6 (N.D. Ind. Jul. 6, 2016); *see also Elbit Sys. Land v. Hugh Network Sys.*, 2017 U.S. Dist. LEXIS 94495, at *31-34 (E.D. Tex. Jun. 20, 2017) (excluding expert testimony because the plaintiff "has not had a chance to test the underlying merits of these conclusions through discovery."); *Balt. Aircoil Co. v. SPX Cooling Techs.*, 2016 U.S. Dist. LEXIS 111934, at *62-63 (D. Md. Aug. 22, 2016) (precluding defense expert testimony on noninfringing alternatives as defendant SPX turned over a critical document on the last day of fact discovery, thereby preventing discovery by the plaintiff).

Accordingly, Velocity requests this Court exercise its discretion under Federal Rule 37 to preclude expert testimony related to any noninfringing alternatives and strike FCA's responses to Interrogatories 16 and 19. *See Minuteman Int'l v. Nilfisk-Advance A/S & Nilfisk Advance, Inc.*, 2004 U.S. Dist. LEXIS 19451, at *6 (N.D. Ill. Sept. 23, 2004) ("If a party fails to supplement its

interrogatory responses, the court may elect to exclude 'all evidence related to the non-supplemented subject.'").

### C. At a Minimum, FCA Should Be Compelled to Provide Fact Discovery Regarding FCA's Alleged Noninfringing Alternatives.

If the Court does not strike FCA's responses to Interrogatories 16 and 19 and preclude reliance on noninfringing alternatives, Velocity requests the Court compel FCA to: provide a specific identification of available noninfringing alternatives in response to Interrogatory Nos. 16 and 19; provide a 30(b)(6) witness to testify regarding noninfringing alternatives; and produce all documentary evidence regarding noninfringing alternatives. As described above, Velocity is highly prejudiced by FCA's evasive and last-minute responses, and at a minimum should have the opportunity to seek discovery it would otherwise have explored if FCA provided complete and timely responses. FCA's supplemental response suggests it possesses the factual information Velocity seeks, and is withholding it until a later date. (Ex. G, at 7 ("FCA US will provide the opinion of an expert in accordance with the Court's scheduling order."). Velocity further requests that any such Order explicitly allow for Velocity to provide a supplemental expert report addressing any noninfringing alternatives. Currently, there is insufficient time to obtain the discovery in time for inclusion in opening expert reports due on February 8.

## IV. CONCLUSION

Velocity respectfully requests that FCA's Interrogatory 16 and 19 responses be struck as detailed above and in the attached Proposed Order, and FCA be precluded from relying on any noninfringing alternatives. In the alternative, Velocity requests the Court compel FCA to provide a full response to Interrogatories 16 and 19, a Rule 30(b)(6) witness to testify about noninfringing alternatives, and related documents covering noninfringing alternatives.

Dated: January 17, 2018

Respectfully submitted,

*/s/ James A. Shimota*
James A. Shimota

James A. Shimota (IL Bar No. 6270603)
Howard E. Levin (IL Bar No. 6286712)
Aaron C. Taggart (IL Bar No. 6302068)
**HAYNES AND BOONE, LLP**
180 North LaSalle Street, Suite 2215
Chicago, Illinois 60601
Telephone: 312-216-1620
Facsimile: 312-216-1621
*jim.shimota@haynesboone.com*
*howard.levin@haynesboone.com*
*aaron.taggart@haynesboone.com*

***Counsel for Plaintiff Velocity Patent LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 17, 2018, by electronic filing to:

**VENABLE LLP**

Frank C. Cimino, Jr.
Leslie Ann Lee
575 7th Street NW
Washington, DC 20004
(202) 344-4569
(202) 344-4048
fccimino@venable.com
lalee@venable.com

**SWANSON, MARTIN & BELL, LLP**

P. Stephen Fardy
Joshua Erik Bidzinski
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
sfardy@smbtrials.com
jbidzinski@smbtrials.com

**Counsel for Defendant**
**FCA US LLC**

*/s/ James A. Shimota*
James A. Shimota

**HAYNES AND BOONE, LLP**
*jim.shimota@haynesboone.com*

***Counsel for Plaintiff Velocity Patent LLC***