**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| VELOCITY PATENT LLC, | ) | |
| *Plaintiff,* | ) | Civil Action No.: 1:13-cv-08419 |
| v. | ) | Hon. Thomas M. Durkin<br>Hon. Michael T. Mason |
| FCA US LLC, | ) | |
| *Defendant.* | ) | |

**PLAINTIFF VELOCITY PATENT LLC'S OPPOSED MOTION FOR LEAVE TO FILE ITS FIRST SUPPLEMENTAL EXPERT REPORT REGARDING INFRINGEMENT TO ADDRESS NEW SOURCE CODE INFORMATION FROM BOSCH**

Pursuant to Local Patent Rule 5.3, Plaintiff Velocity Patent LLC ("Velocity") seeks leave of Court to supplement its original February 15, 2018 Expert Report of Christopher K. Wilson Regarding Infringement of U.S. Patent No. 5,954,781. The supplementation is limited to addressing new information provided by non-party Bosch in a supplemental declaration produced to Velocity at 11:40 PM on Friday, March 16, 2018. Velocity believes good cause exists for the Court to grant this motion, that supplementation could not reasonably have been made earlier, and that FCA will not be unfairly prejudiced as a result.

Velocity contacted FCA on March 28, 2018 to provide notice about its intent to serve a supplemental expert report based on new information in the Bosch declaration. (Ex. 1 at 5.) FCA did not respond until after the report was served on April 10. Velocity and FCA met and conferred through a series of emails between April 10 and April 12, 2018 and via telephonic conference on April 12. (Ex. 1 at 1-5.) During email discussions, FCA stated "we are reviewing the supplemental report but find the delay in getting it served problematic, especially in view of

the protective order issue. As you know, Dr. Martens is not permitted to see information designated source code by Bosch" and later clarified "Re delay, it's been nearly a month since you received the Bosch declaration." (*Id*. at 3-4.) On April 12, FCA confirmed that it opposes supplementation of Velocity's infringement report for the following reason: "Given the timing of the supplemental report, the case schedule, and issues with the supplemental protective order covering Bosch source code, FCA opposes at this time. FCA needs more information from Bosch on its willingness to de-designate information in the supplemental declaration." (*Id*. at 1.)

Of course, Velocity disputes FCA's implication that it delayed service of the supplemental infringement report. Velocity served the report within 17 business days after receiving new information from Bosch, which is reasonable under the circumstances. Velocity has a single technical expert, Mr. Wilson. Between March 17 and the March 29 deadline for rebuttal reports, Mr. Wilson was preparing his 226 page rebuttal report on patent validity. Upon completing the rebuttal report, Mr. Wilson promptly shifted gears and turned his attention to reviewing Bosch's 44 page supplemental declaration describing new details about its source code. Mr. Wilson's supplemental report on infringement was provided to FCA on April 10, only twelve days (inclusive of the holiday weekend) after the March 29 exchange of rebuttal reports.

As evidenced by FCA's ambiguous reasons for opposing the supplemental report, there is no unfair prejudice to FCA. As discussed below, the "protective order issue" identified by FCA as the basis for its opposition is an issue of its own making. Apparently, FCA's non-infringement expert, Dr. Martens, has refused to sign the supplemental undertaking (Dkt. 291) required by this Court to get access to information designated Bosch Highly Confidential – Restricted Source Code.[1] (Ex. 1 at 4.) Any difficulties caused by Dr. Martens' refusal to sign

[1] To the extent it is relevant, Velocity had no notice of any actual "protective order issue" until Dr. Martens served his report on March 29, listing a "redacted" transcript of Bosch's witness as a document

the Bosch supplemental undertaking is self-inflicted and cannot reasonably be characterized as unfair prejudice that would prevent Mr. Wilson, who signed the supplemental undertaking as ordered by the Court, from addressing new source code information from Bosch in a supplemental report.

As it is not clear if this motion falls within the scope of discovery matters assigned to Magistrate Judge Mason, Velocity contacted the Courtroom Deputy, Ms. Newman, on April 10, 2018. Ms. Newman recommended that Velocity file this motion in front of Your Honor in the first instance. Velocity submits the following in support of its motion:

## BACKGROUND

On August 10, 2017, over four months before the close of fact discovery, Velocity filed its first motion to compel documents and source code from Bosch. (Dkt. 186.) On November 2, 2017, in lieu of ordering the production of source code, the Court ordered Bosch to produce documents, a declaration explaining how the Bosch source code works, and a deposition of one of its engineers by November 30, 2017. (Dkt. 216.) Bosch produced a declaration on November 29, and provided a witness on November 30. After determining that the information from Bosch was not sufficient, Velocity filed a renewed motion to compel production of limited source code on December 16, 2017. (Dkt. 235.) Judge Mason denied that motion on January 16, 2017. (Dkt. 266.)

---

he considered to form his opinions. Velocity was not aware of the scope of the issue until FCA's April 11 email because FCA failed to timely produce redacted materials relied on by Dr. Martens. (Ex. 1 at 4.) Although the redacted materials should have been produced along with Dr. Martens' non-infringement report on March 29, Velocity received a portion of the redacted materials, only after repeated prodding, on the evening of April 12. (Ex. 1 at 1.) At least one redacted document listed in the materials considered of Dr. Martens' report still has not been produced as of April 16, 2018.

Velocity filed a motion for reconsideration on January 29, 2018 (Dkt. 281), and the Court conducted related hearings on February 16 and February 26. During the hearings, the Court shared Velocity's concern about Judge Mason's reliance on representations by Bosch that it was an uninterested third party and recommended that Velocity re-file it's motion for reconsideration with Judge Mason. (Dkt. 299 at 3:1-4:7; 17:18-18:9; 20:4-21.) But given that the opening round of expert reports had already been exchanged on February 15, 2018, including Velocity's infringement report, and due to concerns with the projected length of time it could take for Judge Mason to rule, Velocity instead elected to take Bosch's offer to provide a supplemental declaration and potential follow-up deposition. (*Id*. at 4:15-6:5.) Bosch agreed to provide a supplemental declaration within 10 business days from receiving supplemental questions from Velocity. (Ex. 1 at 3.) At the February 26 hearing, FCA requested that the trial date be delayed, and the Court moved trial from June 2018 to September 2018, over Velocity's objection. (Dkt. 301 at 4:14-5:4, 16:23-17:22.)

On February 27, 2018 Velocity provided Bosch with supplemental questions about the operation of Bosch's source code and Bosch indicated that it would provide a responsive declaration by March 13. (Ex. 1 at 11.) FCA was provided with both a copy of the source code questions and the agreement between Bosch and Velocity on February 27. (Ex. 2 at 1-3.) Bosch later requested an extension and ultimately provided the supplemental declaration on Friday, March 16, 2018 at 11:40 PM. (Ex. 1 at 6-7.) During the following two weeks, Velocity's technical expert, Mr. Wilson, was busy preparing a rebuttal report due on March 29. Velocity informed FCA that after the rebuttal report was completed, Velocity would focus on the Bosch supplemental declaration and would likely file a supplemental report. (*Id*. at 5.)

After a short break for the holiday weekend, Mr. Wilson turned his attention to analyzing the forty-four page Bosch supplemental declaration describing new information about Bosch's source code. A supplemental infringement report was promptly drafted and submitted to FCA approximately a week later, on April 10. (Ex. 1 at 5.) The fourteen page supplemental report was limited to addressing new information disclosed in Bosch's supplemental declaration. (*Id.*)

On April 12, 2018, FCA confirmed that it opposes Velocity's supplementation. (Ex. 1 at 1-2.) The precise reasons for FCA's opposition and any alleged "unfair prejudice" remain ambiguous. FCA has only indicated that its opposition is based on alleged delay in serving the supplemental report and interrelated issues with the Bosch Supplemental Protective Order. (*Id.*)

Because FCA has raised the Court-ordered Bosch Supplemental Protective Order (Dkt. 291) as the basis for its opposition, it is important to consider the deliberations that resulted in the entry of the order. (Dkt. 273.) Velocity argued strenuously against imposing additional restrictions on experts that view information designated Bosch Highly Confidential-Restricted Source Code. (*Id.*) FCA had ample opportunity to voice its concerns, and on multiple occasions during the hearing, Velocity invited FCA to state its positions on the record. (Dkt. 273 at 2:16-21, 7:10-14, 12:20-22.) However, FCA was virtually silent in open court, and when offered the opportunity to state any opposition to the Bosch Supplemental Protective Order, it chose not to. (*Id.*) In response to Velocity's argument that the new restrictions were overly burdensome and it was late in the case to impose them, the Court rebuffed Velocity and stated "if they don't want that kind of restriction, then get another expert. Find somebody who does . . . he's going to have to live with these restrictions." (*Id.* at 8:14-20.) The order was granted over Velocity's objections.

Upon the Court's ruling, Velocity's expert, Mr. Wilson, signed the supplemental undertaking and begrudgingly agreed to the new restrictions. Apparently, FCA's expert, Dr. Martens, continues to refuse to be bound by the restrictions in the Bosch Supplemental Protective Order and is not allowed, by his own choice, to view Bosch source code information.

## **LEGAL STANDARD**

"Supplemental expert reports are permitted if they are based upon information discovered after the initial disclosure or upon the realization that the original disclosure was incorrect or incomplete." *Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 823 (N.D. Ill. 2010). In fact, Federal Rule of Civil Procedure 26(e) does not only permit supplemental expert reports, but requires "a party . . . to supplement . . . testimony by an expert in both the expert's report and deposition, if 'the party learns that in some material respect the information disclosed is incomplete or incorrect . . . .'" *Solaia Technology LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 806 (N.D. Ill. 2005) (quoting Fed. R. Civ. P. 26(e)(1)); *see also Rowe Intern. Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 933 n.1 (N.D. Ill. 2008) ("Rule 26(e) requires litigants to supplement expert disclosures when new information renders the original expert report materially 'incomplete or incorrect.").

Whether a supplemental expert report should be permitted is partly controlled by a four-part analysis: "(1) the degree of surprise or prejudice to the non-offending party, (2) the capability of the offender to cure any prejudice, (3) the amount of disruption at trial that would result from the use of the evidence, and (4) the bad faith involved in not producing the evidence earlier." *Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 823 (N.D. Ill. 2010) (citing *Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir.1995)).[2]

[2] There is no allegation that Velocity engaged in any bad faith conduct with respect to serving the supplemental report.

## ARGUMENT

### 1. A Supplemental Report Is Necessary Under The Rules

In compliance with the agreed-to discovery schedule, the infringement report of Velocity's technical expert, Mr. Wilson, was served on FCA on February 15, 2018. (Dkt. 305.) A month later, Bosch produced a supplemental declaration on March 16, 2018 containing important new source code information in accordance with the compromise reached between Velocity and Bosch to avoid further briefing on the issue of Bosch source code production. (Ex. 1 at 6.) Obviously, Mr. Wilson could not address the new source code information that only became available in March in his original February 15 infringement report. Thus, because the information in the Bosch supplemental declaration is material to Velocity's infringement claims, under Rule 26(a)(2)(B)(i-ii) and (e), Velocity has a duty to submit a supplemental infringement report. *Solaia Technology LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 806 (N.D. Ill. 2005); *Rowe Intern. Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 933 n.1 (N.D. Ill. 2008.)

### 2. FCA Had Ample Notice That A Supplemental Report Would Be Forthcoming

FCA cannot claim surprise that Velocity submitted a supplemental infringement report based on new information obtained from Bosch. All parties at the hearing on February 26, including FCA, were aware that Velocity reached an agreement with Bosch to obtain additional information after Mr. Wilson had already served his report on infringement on February 15. (Dkt. 301 at 20:22-21:5.) In fact, at that same hearing, FCA asserted that pushing back the trial date was "appropriate to clean up the Bosch issue . . . ." (*Id.* at 3:22-24.) FCA further informed the Court that the parties had agreed to extend expert discovery deadlines to accommodate FCA's request for more time. (*Id.* at 13:2-12.) FCA did not raise any issues about scheduling of a supplemental infringement report at the hearing. In fact, on March 28, prior to the scheduling

of any expert depositions by either party, Velocity informed FCA that a short supplemental infringement report was likely forthcoming, and that Velocity would focus on that issue after the rebuttal report on validity was completed. (Ex. 1 at 5.) FCA did not respond until April 11, after the supplemental report was already served. (*Id*. at 4-5.) Thus, FCA, with full notice that a supplemental report was forthcoming, raised no concerns with the schedule or timing of the report until asked if it opposes this motion.

After learning of FCA's opposition on April 11, Velocity expressed its willingness to discuss adjusting the expert deposition schedule to accommodate any reasonable concerns, but got no response from FCA on that issue. (*Id*. at 4.) Thus, to the extent that there is any actual prejudice to FCA that needs to be cured (one of the four factors sometimes considered by the Court), the Court already extended the trial schedule by approximately three months and Velocity made a further effort to cure any prejudice by potentially adjusting the expert deposition schedule.

**3. Velocity Did Not Delay Providing FCA with the Supplemental Report**

Velocity did not delay providing FCA with the supplemental report. As described in the Background section above, Mr. Wilson promptly switched gears from validity to infringement and began analyzing the new source code information in Bosch's supplemental declaration after he submitted his March 29 rebuttal report on validity. On April 10, within eight business days of completing the rebuttal report, his supplemental infringement report was provided to FCA. FCA's implication that the report was delayed by nearly a month is an exaggeration. Moreover, FCA ignores the fact that the experts of both parties were very busy during March preparing complicated rebuttal reports, so busy, that FCA itself requested an extension to the deadline for rebuttal expert reports. (Dkt. 301 at 13:2-12.) In light of the pending deadline and workload

between March 17 and March 29, Mr. Wilson completed the supplemental infringement report in an entirely reasonable amount of time.

Additionally, Velocity elected to take the discovery procedure that minimized delay. As stated during the hearing on February 16, 2018, the reason that Velocity preferred a compromise with Bosch over re-filing its motion for reconsideration with Judge Mason was the concern that resolution would take too long. (Dkt. 299 at 4:15-6:5.) Had Velocity exercised its right to re-file with Judge Mason, new information from Bosch and any corresponding supplemental report would likely have been pushed out to May or June. Furthermore, under the agreement with Bosch, Velocity has the right to depose the declarant of the March 16 supplemental declaration, Dr. Stepper. Although Velocity has not foreclosed the possibility of deposing Dr. Stepper, Velocity served the supplemental infringement report before taking any deposition, thus speeding up the process and minimizing any delay. In light of almost three extra months added to the trial schedule, justified in part by FCA to allow time to "clean up the Bosch issue" (Dkt. 301 at 3:22-24), FCA's implicit allegation of prejudice caused by alleged delay of supplementation, which could not amount to more than a week or so, seems petty.

**4. There Is No Unfair Prejudice to FCA That Should Preclude Supplementation**

Mr. Wilson's April 10 supplemental infringement report was submitted within the existing period for expert discovery and more than two weeks before his deposition, scheduled for April 26. Thus, there is no "disruption of trial," especially in light of the change of trial date form June 2018 to September 2018 at FCA's request.

The substance of the report, excluding formalities and signature page, spans approximately eleven pages of fourteen-point, double-spaced text. The subject matter of the report relates only to new information provided by Bosch in response to Velocity's questions—

questions that were provided to FCA on February 27.[3] (Ex. 2.) Because the supplemental report only addresses the new information not previously available to Mr. Wilson when he served his original infringement report on February 15, there is good cause to submit the report. *See McDavid, Inc*. v. *Nike USA, Inc*., 2013 WL 1749805, *5 (N.D. Ill. Apr. 23, 2013) (Supplementation appropriate when material information "became available after [expert's] report.") Moreover, because the supplemental report was served more than two weeks prior to Mr. Wilson's deposition, FCA is not prejudiced by the report. In *Sloan Valve Co*. v. *Zurn Indus.*, even after the Court previously allowed *seven* extensions to expert discovery deadlines and the supplementing party had "months to work with its experts and prepare its expert reports," the Court still found that unfair prejudice did not extend to supplementation on certain issues. *Sloan Valve Co*. v. *Zurn Indus*., 2013 U.S. Dist. WL 12304263, *2-3 (N.D. Ill. Mar. 25, 2013.) An important factor in the Court's decision to allow supplementation, even with months of delay, was that the party opposing supplementation had an opportunity to depose the expert on the supplemented issue. (*Id*. at *3.)

Mr. Wilson's supplemental report on infringement addresses new, material information not available at the time of his original report. The report will not disrupt trial. FCA has ample time to consider the short supplemental report before Mr. Wilson's deposition, and there is ample

[3] The questions posed by Velocity on February 27 which discuss information designated by Bosch as Restricted Source Code, the 44 page Bosch supplemental declaration, and the supplemental infringement report at issue here are each designated Bosch Highly Confidential - Restricted Source Code. Because FCA's basis for opposing this motion is not related to the specific details of these documents (e.g., there is no allegation by FCA that Velocity's supplementation goes outside the scope of the new information provided by Bosch), and to avoid filing exhibits under seal that are not necessary based on Velocity's current understanding of this dispute, Velocity has not included them as exhibits in this filing. However, Velocity can make them available if the Court wishes to review them. To the extent that FCA expands the scope of the dispute and raises issues with the specific content of the supplemental report, issues not previously raised, FCA should submit the exhibits under seal.

time in the extended schedule. For all of these reasons, there is good cause to supplement and there is no unfair prejudice that should preclude the supplemental report.

It is also worth noting that FCA likely had access to the information in Bosch's supplemental declaration on or before March 16, 2018, two weeks before Dr. Martens' rebuttal report on non-infringement was due. (Ex. 1 at 5.) Thus, had FCA's expert, Dr. Martens, not refused to comply with the Bosch Supplemental Protective Order, he would have had two weeks to consider the new Bosch source code information before submitting his non-infringement report on March 29.

**5. Dr. Martens' Refusal to Sign The Bosch Supplemental Undertaking Cannot Create Unfair Prejudice Under Local Patent Rule 5.3**

The March 16, 2018 supplemental declaration from Bosch is designated Highly Confidential – Restricted Source Code in its entirety and the information contained in the declaration is as close as anything to source code (i.e., "the secret sauce") produced to date by Bosch. The premise of FCA's opposition to Velocity's supplemental report appears to be that FCA wants more time to negotiate with Bosch a de-designation of the information in the supplemental declaration so that Dr. Martens can continue to circumvent the Court ordered Bosch supplemental undertaking. (Ex. 1 at 1-3.) But any problems caused by Dr. Martens' refusal to comply with the Bosch Supplemental Protective Order and/or FCA's decision not to replace Dr. Martens with someone who was willing to agree to its terms cannot legitimately qualify as "unfair prejudice" under LR 5.3. This is not a grey area. In February, the Court made perfectly clear that "if they don't want that kind of restriction, then get another expert. Find somebody who does . . . he's going to have to live with these restrictions." (Dkt. 273 at 8:14-20.) Any hardship resulting from FCA's *choice* to continue using Dr. Martens is caused by

FCA, not any alleged delay of Velocity. Such hardship should not be confused with "unfair prejudice."

Finally, FCA's attempt to circumvent the Bosch Supplemental Protective Order raises a potential concern. Although Velocity was not included or made aware of the scope of FCA's prior requests to Bosch, FCA apparently negotiated de-designation of portions of the Bosch witness (Dr. Stepper) deposition transcript *after* FCA received Mr. Wilson's February 15, 2018 Infringement Report so that Dr. Martens could provide rebuttal opinions about the accused Bosch features without signing the supplemental undertaking. (Ex. 3.) Velocity learned of FCA's March 7 request and the resulting de-designations when Bosch copied Velocity on a letter sent by Bosch on March 16 to the court reporter who transcribed the deposition transcript. (*Id.*)

Velocity currently has no information about the scope of the prior requests by FCA and how the negotiations for de-designation with Bosch transpired. It appears that a large portion of the transcript remains designated restricted source code. However, it would be very troubling if Bosch de-designated any portion of the March 16, 2018 supplemental declaration to allow FCA's expert, who refuses to sign the supplemental undertaking, to see the contents. For Bosch to do so, and allow FCA's expert to see the alleged "secret sauce" without requiring him to abide by the Bosch Supplemental Protective Order, would expose Bosch's requests for enhanced protection, which consumed months of party and judicial time and resources, as a farce and a charade.

Because Velocity does not expect Bosch to de-designate the March 16, 2018 supplemental declaration, the premise for FCA's opposition that alleged delay in serving the supplemental report prejudiced FCA by not allowing it enough time to negotiate de-designations from Bosch, appears to be moot at the outset.

## CONCLUSION

For the foregoing reasons, Velocity respectfully requests that the Court grant Velocity's Motion for Leave to File its First Supplemental Expert Report Regarding Infringement to Address New Source Code Information from Bosch.

Dated: April 16, 2018

Respectfully submitted,

*/s/ James A. Shimota*
James A. Shimota

James A. Shimota (IL Bar No. 6270603)
Howard E. Levin (IL Bar No. 6286712)
Aaron C. Taggart (IL Bar No. 6302068)
**HAYNES AND BOONE, LLP**
180 North LaSalle Street, Suite 2215
Chicago, Illinois 60601
Telephone: 312-216-1620
Facsimile: 312-216-1621
*jim.shimota@haynesboone.com*
*howard.levin@haynesboone.com*
*aaron.taggart@haynesboone.com*

***Counsel for Plaintiff Velocity Patent LLC***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 16, 2018, by electronic filing to:

**VENABLE LLP**

Frank C. Cimino, Jr.
Jeffri A. Kaminski
Leslie Ann Lee
Megan S. Woodworth
575 7th Street NW
Washington, DC 20004
(202) 344-4569
(202) 344-4048
fccimino@venable.com
jakaminski@venable.com
lalee@venable.com
mswoodworth@venable.com

**SWANSON, MARTIN & BELL, LLP**

Brian William Bell
Joshua Erik Bidzinski
P. Stephen Fardy
Jonna McGinley Reilly
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
bbell@smbtrials.com
jbidzinski@smbtrials.com
sfardy@smbtrials.com
jreilly@smbtrials.com

***Counsel for Defendant FCA US LLC***

*/s/ James A. Shimota*
James A. Shimota

**HAYNES AND BOONE, LLP**
*jim.shimota@haynesboone.com*

***Counsel for Plaintiff Velocity Patent LLC***